[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant case was to go forward in a court trial on June 17, 1997. However, on that day the plaintiff appeared with her attorney and witnesses ready to proceed to trial. Both defendants were not present and were thus defaulted by the court (Silbert, J.), "For Failure to Appear and Defend at court trial." The matter was forthwith referred to the undersigned for a Hearing In Damages and the hearing was held that day with the plaintiff and two witnesses testifying.
The complaint is set forth in three counts. On June 11, 1996 the defendant filed an Answer to the counts denying some paragraphs putting the plaintiff to her proof on others and admitting one paragraph. The Answer did not contain any special defenses.
The plaintiff and two witnesses were present at the hearing in damages and each gave relevant testimony. From said testimony the following findings of fact and conclusions of law are made.
Joanne Lynch was the first witness who stated she arrived at the defendant restaurant with the plaintiff's son, Robert on December 31, 1992 to participate in the new year festivity. She and Robert arrived at about 11:30 P.M. and was greeted by the plaintiff in such a manner as to lead the witness to find her intoxicated. Joanne had known the plaintiff for about six years and would see her two or three times each week and would talk to her almost daily. The witness regarded the plaintiff as a responsible person.
On this night the witness found the plaintiff highly intoxicated from her expressions to her and her actions generally. First, the plaintiff on seeing the witness immediately started screaming at her for being late. Her speech she testified was slurred. In her words the plaintiff appeared to be "totally bombed." The witness further testified that she saw the plaintiff fall within the restaurant and that, when she attempted to rise from the floor she staggered backwards and fell into a chair. It became necessary to assist the plaintiff to arise from the chair. However, even after assistance was rendered to the plaintiff, she again fell backwards. Furthermore, the witness testified that her CT Page 10469 poor condition, her unsteadiness while standing and her falling was also seen by the waitresses working at the restaurant that night. The waitresses nevertheless continued to bring alcoholic beverages to the plaintiff's table so that she continued to consume such beverages. Finally this witness testified that the plaintiff did suffer injuries to her legs and knees and that she did not have scars on her legs and knees prior to that night. The witness also testified that she did not see any scars on the plaintiff's legs or knees. I found the witness to be credible and accepted her testimony as factual and truthful.
Robert Parrett, a teacher's assistant who has known the plaintiff for more than fifteen years was the second witness. Mr. Parrett came to the defendant restaurant with the plaintiff to celebrate the holiday festivities at about 10:00 P.M. He testified that Mr. DelMonico, the defendant was present and that he is the owner of the defendant restaurant and is also the owner of another restaurant bearing his name and located on Wooster Street in New Haven. He also found the plaintiff to be a responsible person and that she had not been drunk in his presence prior to that evening.
The plaintiff and Mr. Parrett were part of a group that had reserved a table. Mr. DelMonico had his own separate party at a table. Parrett testified that the plaintiff consumed about five alcoholic drinks prior to the arrival of her son and Joanne Lynch. He saw the fall into the chair incident and also noticed her bumping into several items of furniture and other patrons present. The employees were, in his opinion aware of her condition. One of the waitresses remarked that the plaintiff should stop drinking. Mr. Parrett observed however that they continued serving drinks to her up to one o'clock on January 1, 1993.
The witness also testified that the defendant, John DelMonico was visible around the premises most of the evening. That John had sent over a drink as stated by the waitress who brought the drink. The witness also testified that John came to the plaintiff's table to inquire as to how they were doing and in addition that John had asked Linda for a kiss and had also had an argument with the plaintiff.
The witness and the plaintiff were among the last ones to leave. They were told that the main or front entrance had been locked because of the hour of departure and thus not available to CT Page 10470 Parrett and Linda. They had to leave through a side door. Outside the plaintiff fell over a bannister and fell several more times beyond the bannister. The witness testified to seeing a cut on the plaintiff's knee and that the knee was very red. Finally the witness, who said he is a cousin to the plaintiff, testified that she won a contest for her legs. I also found this witness credible.
Then the plaintiff testified. She had known John DelMonico for the past thirty years. That he has been chasing her. She was in a party of twelve persons who had reserved a table. The plaintiff testified that she had many drinks but could not state an exact number and that she could not walk in a forward motion very well. But she knew that she fell during the evening's activities. Further, that none of the principals at the restaurant including the defendant, John DelMonico spoke to her about her drinking.
Joanne and others left through the front door because they left earlier. John, the defendant kissed her and let her and the remainder of her party out the side door. The plaintiff admitted slipping and falling over the railing sustaining bruises on both legs and suffering cuts below the patellas of both knees resulting in scars which were visible in court at the tune of the hearing. She also complained that her legs were ugly necessitating the wearing of panty hose to cover the ugliness.
She testified that she is seeking compensation so that she might have the scars removed. She further testified that she is forty-six years of age and that she had won four contest involving her legs at ages, 30, 35, 38 and 40. She also stated that all the liquor she consumed that evening was not paid for by her but by others. She believed the people of the restaurant were trying to get her drunk.
Finally as to her medical expenses incurred. For one visit to the doctor she incurred a charge of one hundred or one hundred and twenty-five dollars and sixty dollars for antibiotics. Her one visit occurred one week after the fall. She also complained of a head bump. She was not working at the time of the hearing and was not specific on any lost earnings at the time following the fall. She did not use the crutches or a cane following the incident.
It is clear to the undersigned that the plaintiff is entitled CT Page 10471 to a recovery of damages. However, there is only a finding of negligence that can be attributed to the defendants. They should have reasonably seen the plaintiff's condition and as reasonable persons should have cut off her supply of alcohol. She should have been escorted from the premises by some one or more employees familiar with the passageway leading from the side door of the restaurant.
However, the meaning of the allegations of the second count of the complaint have not been met wherein the word "intentional" is used. It is true that the plaintiff's condition should have been noted as a reasonable person under the circumstances would have noticed. This constituted a failure of due care when the employees and the owner failed to take proper steps to protect the plaintiff from harm. However, there was no proof of actual intent to do her harm in any deliberate way.
The plaintiff had filed a written offer of judgment seeking $15,000. I cannot see any justification for this sum. This cannot be awarded on the basis of any of the findings entered above. From the evidence produced before the undersigned the pain and suffering would not justify such an amount. The evidence produced no amounts of money won at the leg contests. The scars may well be the most meaningful element. Here again the position of the scars and their length, vividness and their age do not warrant a figure of damages anyway near the amount demanded.
The plaintiff is awarded six thousand five hundred ($6,500.00) dollars in damages plus court costs.
Counsel for the plaintiff is requested to prepare the judgment file.
John Ottaviano, Jr. Judge Trial Referee